IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARIO BENNETT                                               PETITIONER

VS.                    CASE NO. 5:12CV00368 BSM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                           RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Mario Bennett seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Bennett is currently in the custody of the Arkansas Department of Correction (ADC) as a result of pleading *nolo contendere* to two counts of first-degree murder and one count of arson. These pleas were entered in 2000 in the Circuit Court of Pulaski County. Mr. Bennett was sentenced to twenty five years on each of the murder convictions, with the terms to run consecutive, and to twenty years on the arson conviction, to run concurrent to the murder sentences. No postconviction pleadings were filed by Mr. Bennett until 2012, when he sought state relief alleging he was entitled to DNA testing and claiming his confession was coerced. There has apparently been no ruling in state court on this petition.

Mr. Bennett, in a petition filed on September 20, 2012, advances the following claims for habeas corpus relief:

1. He was denied effective assistance of counsel when his trial attorney failed to fully investigate the facts;
2. He was denied the effective assistance of counsel when his trial attorney failed to seek DNA testing or fingerprint analysis;
3. He was denied the effective assistance of counsel when his trial attorney failed to move to suppress petitioner's statement; and
4. He was denied the effective assistance of counsel because Arkansas' scientific testing

>  remedy does not protect petitioner's due process rights.

**Statute of Limitations:** Respondent contends that the statute of limitations bars consideration of these claims. Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on May 10, 2002, the date the trial court entered judgment based upon the petitioner's guilty pleas. Thus, the respondent urges the petition is approximately 10 years late. The petitioner has submitted a response to the respondent's argument. Docket entry no. 7. Mr. Bennett does not quarrel with the dates recited by the respondent. He does, however, argue that his untimely petition should be considered by the Court on its merits. It appears that Mr. Bennett offers two arguments for why his petition should not be dismissed as time-barred. First, he notes that 28 U.S.C. §2244(1)(B) provides that the limitation period does not start until the removal of a state-created impediment which prevented the petitioner from filing his federal petition. Mr. Bennett urges that Arkansas law does not allow him access to post-trial DNA testing and this amounts to an impediment preventing him from complying

with the timeliness requirements. Presumably, this impediment would be removed when Arkansas enacts different laws providing Mr. Bennett access to post-trial DNA testing. In the alternative, Mr. Bennett argues that this impediment would be removed when the respondent provides DNA testing to "crime victims and to innocent persons denied DNA testing at trial due to ineffective assistance of counsel." Docket entry no. 7, page 10. Mr. Bennett's arguments regarding impediments to his filing of a habeas petition fail for several reasons. First, there is a failure in the petitioner's argument in showing a causal link between Arkansas law and his inability to file a federal habeas petition. That is, even if there is a flaw in Arkansas law, it does not follow that this flaw somehow prevented Mr. Bennett from filing a federal habeas corpus petition in the year after he pleaded guilty. He does not allege or prove a link to this alleged impediment and his ability to file a petition. Second, it is not clear that the state of Arkansas law is actually an impediment as envisioned by 28 U.S.C. §2244(1)(B). Third, there is a major flaw in the petitioner's logic when he argues that "post-trial" remedies were inadequate for him because Mr. Bennett did not go to trial. It cannot be overlooked that Mr. Bennett pleaded guilty to the three charges. Therefore, talk of post-trial remedies does not apply to a petitioner who did not go to trial. Finally, Mr. Bennett refers to himself as a "crime victim" in his explanatory pleading. Docket entry no. 7, page 5. This designation is erroneous, and not consistent with his pleas of guilty in the case.

    Mr. Bennett also contends that the Arkansas postconviction remedies are inherently inadequate for failing to allow him access to post-trial evidence and for denying him DNA testing due to ineffective assistance of counsel. He appears to raise this argument as a separate claim, apart from his contention that the Arkansas laws constituted an impediment preventing him from filing a timely petition. There is no merit to this argument. Although he mentions ineffective assistance of counsel, he did not seek Rule 37 relief in state court alleging such a claim. In addition, Mr. Bennett does not plead or prove how the Arkansas postconviction remedies kept him from seeking federal habeas corpus relief in a timely manner.

    Although Mr. Bennett does not use the term equitable tolling, we liberally construe his

arguments to be that the limitation period should be equitably tolled.

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Even liberally construing the petitioner's arguments, Mr. Bennett falls far short of demonstrating an extraordinary circumstance that prevented him from filing a timely petition. To the contrary, it appears that he did not timely seek Rule 37 relief in state court but there was no impediment to him doing so. Similarly, a great deal of time passed before he has now sought federal habeas corpus relief, but there has been no impediment or circumstance restraining him.

Finally, in his petition Mr. Bennett also contends that he is actually innocent of the crimes, having been coerced into providing a false confession. The Eighth Circuit Court of Appeals addressed such an argument in *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002):

> The statute of limitations contained in AEDPA provides that: "[a] l-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). We have recognized that this statute is subject to the doctrine of equitable tolling. See *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir.2001). Equitable tolling may provide an individual relief from a statute of limitations in certain "extraordinary circumstances." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) (quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000)). These circumstances usually include only those that are "external to the petitioner." *Jihad,* 267 F.3d at 806. For example, the one-year statute of limitations may be tolled in situations when a defendant's conduct has "lulled the plaintiff into inaction," or when circumstances over which a prisoner has no control make it impossible to file a timely petition. *Kreutzer,* 231 F.3d at 463. In the past, we have declined to address the question of whether a petitioner's "actual innocence" is a circumstance sufficient to toll the statute of limitations. See *United States v. Lurie,* [footnote omitted] 207 F.3d 1075, 1077 n. 4 (8th Cir.2000). Today, we hold that it is not, at least in the circumstances of this case.

Petitioner points out that "actual innocence" does, in some cases, excuse or obviate certain procedural obstacles to the consideration of petitions for habeas corpus on their merits. There is, for example, a judge-made doctrine under which certain procedurally defaulted claims are not open for consideration on their merits in a habeas proceeding unless the petitioner can show cause for his failure to raise these claims properly in state-court proceedings, and prejudice resulting from their not having been raised. To this doctrine the Supreme Court has added actual innocence as an exception. That is, a petitioner who can show actual innocence can get his constitutional claims considered on their merits even if he cannot show cause and prejudice. See generally *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In such cases, the concept of actual innocence is used as a "gateway," that is, actual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred. In similar fashion, actual innocence has also been available to allow consideration of the merits of successive claims. See *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986).

These doctrines, allowing the use of actual innocence for certain procedural purposes, are now partially codified in AEDPA. 28 U.S.C. § 2244(b)(2)(B)(ii). Petitioner argues that these doctrines, which excuse some types of procedural defaults, should likewise excuse his failure to file his petition within the period fixed by Act of Congress, a failure which he characterizes as a similar "procedural default." We cannot agree with this assertion, at least as a broad concept. We are dealing here with a statute. It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. *Compare* 28 U.S.C. § 2244(d)(1), *with* 28 U.S.C. § 2244(b)(2)(B)(ii). It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

It is true that, in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the equitable-tolling doctrine. Normally, though, as we have said, equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay. None of that can be said in this case. Petitioner does not claim that anything respondents have done made it impossible or difficult for him to uncover the facts that he now claims establish actual innocence. Indeed, he does not refer us to any circumstances, attributable to the defendants or to any other cause, that prevented him, in the exercise of reasonable diligence, from discovering these facts soon enough to enable him to bring a timely habeas petition. In sum, petitioner does not claim that wrongdoing on the part of the State of Iowa prevented him from filing a timely petition, nor does he show why he did not assert his claim within the one-year statute of limitations. To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale.

We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be

> viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves,* 299 F.3d 974, 976 -978 (8th Cir. 2002).

Here, Mr. Bennett argues he is actually innocent yet he entered guilty pleas to the charges. It is not enough to simply allege actual innocence. Bennett must, and does not, establish that the respondent acted or failed to act and prevented him from discovering the relevant facts in a timely fashion. Nor does he show that a reasonably diligent petitioner could not have discovered the facts in time to file a timely petition.

In summary, we find the petitioner failed, by approximately a decade, to seek federal habeas corpus relief. We further find he has shown no reason for the limitation period to have been tolled during that time. As a result, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied, as time-barred.[1]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a

---

[1]The respondent also urges that the petition should be dismissed due to the petitioner's failure to adequately raise the claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. (Although the respondent titles this argument as "Failure to Exhaust," the argument is substantively a claim of procedural default. See Docket Entry no. 6, page 3.) The petitioner contends he was entitled to counsel in his postconviction proceedings and this deprivation now entitles him to bring the claims. *See Martinez v. Ryan*, 132 S.Ct. 1309, ___ U.S. ___ (2012). We find no merit in this claim for two reasons: one, the *Martinez* case does not cure the petitioner's failure to file a timely petition; and two, in *Kemp v. Hobbs*, United States District Judge D. P. Marshall Jr. Noted that *Martinez v. Ryan* did not change the law announced in *Coleman v. Thompson,* 501 U.S. 722 (1991) (no constitutional right to an attorney in state postconviction proceedings) but recognized a narrow exception. Judge Marshall further noted that the *Martinez* Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See Kemp v. Hobbs*, 2012 WL 2505229 at 9. Because *Martinez* is not applicable in this case, the controlling precedent is that announced in *Coleman v. Thompson.*

denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __4__ day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE